# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| SANDRO FABRICIO QUIJUE DELGADO, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 5:23-00443 |
| v. ) | |
| ) | |
| K. HECKARD, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's "Motion to Dismiss Petitioner's Petition, or in the Alternative, Motion for Summary Judgment" (Document No. 13), filed on September 27, 2023. (Document No. 13.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## PROCEDURAL HISTORY

On June 20, 2023, Petitioner, acting *pro se*,[1] filed his Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Memorandum in Support. (Document Nos. 2 and 3.) Specifically, Petitioner argues that he is eligible to receive application of earned time credit pursuant to the First Step Act of 2018 ("FSA"). (Id.) Petitioner explains that the Bureau of Prisons ("BOP") is improperly denying him application of his earned time credits "due to an immigration detainer for [Petitioner] lodged by the U.S. Immigration and Customs Enforcement ("ICE")." (Id.) Petitioner further asserts that the BOP recently "amended its policy to remove any bar to applying FSA time

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

credits to a prisoner's sentence based on the existence of a detainer." (Id.) As relief, Petitioner requests that the Court order his immediate release. (Id.)

By Order entered on July 26, 2023, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of Habeas Corpus sought by the Petitioner in this case should not be granted. (Document No. 7.) On September 27, 2023, following the granting of an extension of time, Respondent filed a "Motion to Dismiss Petitioner's Petition, or in the Alternative, Motion for Summary Judgment" and Memorandum in Support. (Document Nos. 10, 12, 13, and 14.) Respondent argues that Petitioner's Petition should be dismissed based upon the following: (1) "Petitioner is not eligible to apply FTC due to having a final order of deportation entered against him" (Document No. 13, pp. 2 - 4); and (2) "Any challenge to Petitioner's detainer is not reviewable by the Court" (Id., pp. 2 – 3). As an Exhibit, Respondent attaches a copy of the "Department of Homeland Security Immigration Detainer – Notice of Action" dated September 18, 2023. (Document No. 13-1.)

By Order and Notice entered on June 5, 2023, the undersigned notified Petitioner of his right to file a Response to Respondent's Motion. (Document No. 15.) Petitioner, however, failed to file a Response.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means

that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Petition must be dismissed and Respondent's "Motion to Dismiss Petitioner's Petition, or in the Alternative, Motion for Summary Judgment" (Document No. 13) be denied as moot.[3] See e.g., Alston v. Adams, 178 Fed.Appx. 295,

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on February 13, 2024.

[3] Notwithstanding the foregoing, the undersigned will briefly consider the merits of Petitioner's Petition. On December 21, 2018, the FSA of 2018 was signed into law and initiated a system that allows eligible prisoners to earn time credits for successfully completing "evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Specifically, prisoners that successfully complete evidence-based recidivism reduction programming or productive activities "shall earn 10 days of time credits for every 30 days of successful participation. 18 U.S.C. § 3632(d)(4)(A). Additionally, a prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii). A prisoner, however, may not earn FSA time credits "for an evidence-based recidivism reduction program that the prisoner successfully completed prior to the date of enactment of this subchapter," December 21, 2018. 18 U.S.C. § 3632(d)(4)(B).
　Although Section 3632 provides that earned time credits shall be applied toward time in prerelease custody

2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 2), **DENY as moot** Respondent's "Motion to Dismiss Petitioner's Petition, or in the Alternative, Motion for Summary Judgment" (Document No. 13), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

---

or supervised release, Section 3632 further provides that certain prisoners are statutorily ineligible to apply earn time credits. Specifically, Section 3632(d)(4)(E)(i) plainly provides that time credits are not available to deportable aliens. *See* 18 U.S.C. § 3632(d)(4)(E)(i)(Prisoner who "is the subject of a final order of removal" cannot apply any FSA time credits toward prerelease custody or early transfer to supervised release); *also see* 28 C.F.R. § 523.44(a)(2)("Subject to a final order of removal under immigration laws as defined in 8 U.S.C. § 1101(a)(17)(see 18 U.S.C. § 3632(d)(4)(E)), the Bureau may not apply FSA Time Credit toward prerelease custody or early transfer to supervised release.") "The decision not to make these credits available to inmates facing deportation represents a policy determination belonging to Congress alone." *United States v. Garcia*, 2023 WL 7490838, * 2 (W.D.N.C. Nov. 13, 2023). On November 18, 2022, the BOP issued Program Statement ("P.S.") 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4). P.S. 5410.01 expanded Section 3632(d)(4)(E)(i)'s limitation relating to prisoners subject to a "final order of removal" to include prisoners with "unresolved immigration status." Id. Specifically, P.S. 5410.01 provided that even though "inmates with unresolved pending charges and/or detainers may earn [time credits] . . . they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved." *Id.* P.S. 5410.01 further provided that "[a]n inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the application of [time credits]." *Id.* Finally, P.S. 5410.01 stated that up to 365 days of earned time credits would be automatically applied to early release for prisoners who meet six criteria, including having "no detainers or unresolved charges, to include unresolved immigration status." *Id.* Based upon the foregoing provisions of P.S. 5410.01, prisoners with immigration detainers, even if they were not subject to a final order of removal, could not apply earned time credits. On February 6, 2023, however, the BOP issued Change Notice 5410.01. The Change Notice struck or deleted from P.S. 5410.01, among other things, the language relating to prisoners with "unresolved immigration status." As a result of the Change Notice, prisoners subject to immigration detainers or unresolve pending charges were no longer automatically prohibited from applying their earned times credits.

A review of Petitioner's detainer from the Department of Homeland Security clearly indicates that there is "a final order of removal" against Petitioner. (Document No. 13-1.) Since Petitioner is subject to a final order of removal, Petitioner's reliance upon the Change Notice regarding P.S. 5410.01 is misplaced. As explained above, the Change Notice regarding P.S. 5410.01 relates solely to inmates with unresolved charges or detainers and no final orders of removal. The record clearly reveals that Petitioner has a final order of removal. Thus, Petitioner is clearly precluded pursuant to Section 3632(d)(4)(E)(i) from having his earned time credits applied toward his prerelease custody or early transfer to supervised release.

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: March 14, 2024.



Omar J. Aboulhosn
United States Magistrate Judge